Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| NIVIA RAMOS LÓPEZ Y OTROS<br><br>RECURRIDA<br><br>v.<br><br>MARÍA ESTER GONZÁLEZ COTTO T/C/C MARÍA ESTER SIERRA Y OTROS<br><br>PETICIONARIA | TA2026CE00681 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. AB2025CV00190<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios y otros |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de junio de 2026.

**I.**

El 27 de mayo de 2026, la señora María Esther González Cotto (peticionaria o señora González) presentó un recurso de *Certiorari* en el que nos solicitó que revocáramos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario), el 29 de abril de 2026, notificada y archivada digitalmente en autos el mismo día.[1] Mediante dicha *Orden*, el TPI mantuvo la anotación de rebeldía sobre la señora González e indicó que, en ese momento, no procedía que la otra parte contestara el descubrimiento de prueba cursado por la peticionaria.

El 29 de mayo de 2026, emitimos una *Resolución* en la que le concedimos a la parte recurrida hasta el 8 de junio de 2026 para exponer su posición sobre el recurso.[2]

---

[1] Véase entrada núm. 34 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

El 8 de junio de 2026, la parte recurrida presentó una *Oposición a la Expedición de Certiorari* en la que nos suplicó que deneguemos la expedición del auto.[3]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y pormenorizamos los hechos pertinentes a la controversia que nos ocupa.

**II.**

El caso de marras tuvo su génesis el 25 de septiembre de 2025, cuando la parte recurrida incoó una *Demanda* sobre división y liquidación de la comunidad de bienes hereditarios de la Sucesión de Israel Ramos Torres (causante) en contra de la peticionaria, entre otros.[4]

Luego de expedidos y diligenciados los emplazamientos, el 21 de enero de 2026, la parte recurrida presentó una *Moción de Anotación de Rebeldía.*[5] Señaló que ha transcurrido, en exceso, el término para que la parte demandada presentara su contestación a la demanda y no ha solicitado prórroga para ello. Por lo cual, solicitó que se le anotara la rebeldía y se celebrara una vista a esos efectos para la continuación de los procedimientos en el caso.

El 27 de enero de 2026, el TPI emitió una *Orden* en la que le anotó la rebeldía a la parte peticionaria, la señora González Cotto y a la señora Katia Pérez Vélez, en representación del menor K.F.A.P.[6]

El 17 de febrero de 2026, la señora González Cotto presentó *Moción Asumiendo Representación Legal y Solicitud de Relevo de Anotación de Rebeldía.*[7] Además de informar la contratación de la representación legal anunciada, alegó que, por error involuntario, no presentó la contestación a la demanda dentro del término reglamentario. Adujo que existen buenas y válidas defensas a su

---

[3] Íd., entrada núm. 3.
[4] Véase entrada núm. 1 en el SUMAC-TPI.
[5] Íd., entrada núm. 14.
[6] Íd., entrada núm. 16.
[7] Íd., entrada núm. 17.

favor por lo que solicitó el levantamiento de la rebeldía para no ser privada de poder levantarlas.

Ese mismo día, la peticionaria presentó una *Contestación a Demanda.*[8] Aceptó que existe un legado a su favor hecho por el causante. Sin embargo, negó que, contrario a las alegaciones de la demanda, la propiedad inmueble objeto de ese legado esté sujeta a partición. Adujo que ella es la dueña de la propiedad. El TPI se dio por enterado de la contestación a la demanda, sin ulterior pronunciamiento.

El 14 de abril de 2026, mediante una moción intitulada *Escrito al Expediente Judicial,* la peticionaria informó que había notificado a la parte recurrida un interrogatorio.[9]

El 29 de abril de 2026, la parte recurrida presentó una *Réplica a Moción Informativa* en la que arguyó que, dado a la anotación de rebeldía a la parte demandada —aquí peticionaria—, ésta se encuentra impedida de presentar prueba y de cursar cualquier mecanismo de descubrimiento de prueba. Por lo que, sostuvo que, el término de treinta (30) días para contestar el *Interrogatorio* no comenzaría a de cursar hasta tanto el tribunal se exprese en torno a la solicitud del relevo de la anotación de rebeldía.

Ese mismo día, el TPI emitió una *Orden* en la que dispuso que mantenía la anotación de rebeldía y determinó que no procedía que se contestara el descubrimiento de prueba requerido. [10]

Posteriormente, el 1 de mayo de 2026, la peticionaria presentó una moción intitulada *Escrito al Expediente Judicial* en el que informó haber enviado a la parte recurrida un segundo interrogatorio.[11] A lo que, el foro primario se dio por enterado.[12]

---

[8] Íd., entrada núm. 18.
[9] Íd., entrada núm. 24.
[10] Íd., entrada núm. 34.
[11] Íd., entrada núm. 35.
[12] Íd., entrada núm. 36.

El 7 de mayo de 2026, el TPI celebró una Vista sobre el Estado de los Procedimientos.[13] El TPI mantuvo la anotación de rebeldía y señaló una vista para el 1 de julio de 2026.

Inconforme, el 27 de mayo de 2026, la señora González Cotto presentó el recurso de *certiorari* que nos ocupa, en el que formuló el siguiente señalamiento de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA CENTRO JUDICIAL DE CAGUAS AL MANTENER AL ANOTACIÓN DE REBELDÍA Y NO PERMITIR LA PROCEDENCIA DE LA CONTESTACIÓN AL DESCUBRIMIENTO DE PRUEBA CURSADO POR LA DEMANDADA-PETICIONARIA, CUANDO DE LA SOLICITUD DE RELEVO DE ANOTACIÓN DE REBELDÍA Y HABIENDO EL TRIBUNAL DE PRIMERA INSTANCIA CENTRO JUDICAL DE CAGUAS, ACEPTADO LA CONTESTACIÓN A LA DEMANDA, DE LA CUAL SURGE QUE LA CODEMANDADA-PETICIONARIA TIENE DEFENSAS VALIDAS Y EN DERECHO A SU FAVOR, POR LO QUE SERÍA PRIVADA DE SUS DERECHOS EN SU DIA EN CORTE EXISTIENDO JUSTA CAUSA PARA EL RELEVO DE LA ANOTACIÓN DE REBELDÍA**

Alegó que, de la contestación a la demanda surge lo argumentado en la solicitud de relevo de anotación de rebeldía respecto a las defensas válidas y alegaciones responsivas a su favor, que justifican el relevo de la anotación de rebeldía. Suplicó que expidamos el auto peticionado para que se le conceda el relevo de la anotación de rebeldía y se ordene a la parte recurrida contestar el descubrimiento de prueba cursado por la peticionaria.

Por su parte, la parte recurrida presentó su oposición. Arguyó que la peticionaria no estableció específicamente en qué consiste la justa causa y las buenas defensas que alega tener. Asimismo, adujo que dicha parte no ofreció una explicación concreta y razonable que justificara su incumplimiento con el término para contestar la demanda.

---

[13] Íd., entrada núm. 37. *Minuta* de la vista celebrada el 7 de mayo de 2026.

### III.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et. al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Mun. Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Esta discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra, pág. 848. Así pues, con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en

consideración al atender una solicitud de expedición de un auto de *certiorari*.[14]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". ***800 Ponce de Leon. v. AIG***, 205 DPR 163, 174 (2020); ***Citibank et al. v. ACBI et al.***, *supra*; ***Medina Nazario v. McNeil Healthcare LLC***, *supra*, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451, 459 (2011); ***Pueblo v. Rivera Santiago***, 176 DPR 559, 580 (2009); ***Negrón v. Srio. de Justicia***, 154 DPR 79, 91 (2001). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera

---

[14] Esta Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al., supra*, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, *supra*, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**B.**

De otra parte, la Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1, contempla la anotación de rebeldía contra aquella parte demandada que haya dejado de presentar alegaciones o no se haya defendido. Es decir, "cuando una parte no contesta la demanda o no se defiende como las leyes y las reglas estipulan, el tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte". *González Pagán et al. v. SLG Moret Brunnet*, 202 DPR 1062, 1068 (2019); *Bco. Popular v. Andino Solís*, 192 DPR 172, 179 (2015).

Anotada la rebeldía, se dan por admitidas todas las alegaciones sobre hechos correctamente presentadas y la causa de acción podrá continuar dilucidándose sin que el demandado participe. *González Pagán et al. v. SLG Moret Brunnet*, supra, a la pág. 1069. Sin embargo, el tribunal puede dejar sin efecto dicha anotación por justa causa, y en el caso de haber dictado una sentencia en rebeldía, el tribunal podrá dejarla sin efecto, a tenor con la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. Regla 45.3 de Procedimiento Civil, *supra*, R. 45.3; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 591 (2011); *Díaz v. Tribunal Superior*, 93 DPR 79, 87 (1966). Empero, dependerá de la

existencia de justa causa. ***Rivera Figueroa v. Joe's European Shop***, supra.

Para demostrar la existencia de justa causa, la parte promovente de la solicitud puede: (1) impugnar que no se cumple con ninguna de las circunstancias prescritas por la Regla 45.1 de Procedimiento Civil, *supra,* para justificar la anotación de rebeldía; (2) evidenciar que existe justa causa para la dilación; o (3) probar que posee una buena defensa en sus méritos y que el perjuicio que se le podría ocasionar a la otra parte es razonablemente mínimo. Íd., pág. 593.

De la mano con esto, nuestro más alto foro ha resuelto que la anotación de rebeldía como sanción por su incumplimiento debe darse siempre dentro del marco de lo que es justo, equivaliendo la ausencia de esa justicia a un abuso de discreción. Íd., pág. 590.

El Tribunal Supremo ha reiterado que la interpretación para conceder el remedio de levantar una anotación de rebeldía debe ser liberal y "[…] cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una sentencia o anotación de rebeldía, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos". ***Díaz v. Tribunal Superior***, supra, pág. 87.

### IV.

En el presente caso, la peticionaria sostiene que el TPI incidió al no levantar la anotación de rebeldía. Alega que tiene defensas serias y legítimas para justificar el relevo de dicha anotación. Argumenta que uno de los bienes en controversia le fue legado por el causante y no está sujeto a partición.

Por su parte, la parte recurrida arguye que la rebeldía fue correctamente anotada por el TPI ante la inacción de la peticionaria de contestar la demanda o solicitar una prórroga.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios

esbozados en la Regla 52.1 de Procedimiento Civil, *supra,* y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* determinamos ejercer nuestra facultad revisora con el propósito de conceder una solución justa en derecho, pues concluimos que el TPI incidió al mantener la anotación de rebeldía.

Si bien es cierto que el representante legal de la peticionaria incumplió con someter la alegación responsiva en el término que establecen las reglas para ello, la peticionaria tiene defensas válidas y debe demostrar que tiene justa causa para presentar sus defensas. Es necesario que tenga su día en corte y presente evidencia a su favor.

En virtud de la norma jurisprudencial que establece que la Regla 45.3 de Procedimiento Civil, *supra,* debe interpretarse de manera liberal, resolviéndose cualquier duda en favor de que se deje sin efecto la anotación de rebeldía y que los casos se ventilen en sus méritos, concluimos que procede modificar la determinación recurrida y levantar la anotación de rebeldía sujeto a que en la vista evidenciaria señalada se desfile prueba que demuestre justa causa para levantar la misma.

**V.**

Por los fundamentos pormenorizados, se *expide* el auto de *certiorari,* se *modifica* la *Orden* recurrida, a los fines de levantar la anotación de rebeldía impuesta a la peticionaria, sujeto a que en la vista evidenciaria señalada se desfile prueba que demuestre justa causa para levantar la misma.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones